UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YVONNE DOWNIE,                     :      ECF
                                      :      1:16-cv-05868 (JPO)(DCF)
                  Plaintiff,      :
                                        :
            -against-         :
                                        :
CARELINK, INC. and ENA BAILEY,    :
And JOHN DOES #1-10,             :
                                        :
                  Defendants.    :
-------------------------------------------------------------X

# EXHIBIT A
## TO RAND DECLARATION

# FULLY EXECUTED CLASS AND COLLECTIVE SETTLEMENT AGREEMENT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

YVONNE DOWNIE,                                   :        ECF
                                                 :        1:16-cv-05868 (JPO)(DCF)
                              Plaintiff,          :
                                                 :
              -against-                           :
                                                 :
CARELINK, INC. and ENA BAILEY,                   :
And JOHN DOES #1-10,                             :
                                                 :
                              Defendants.        :

-------------------------------------------------------------X

## CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

This Settlement Agreement, including all exhibits attached hereto (collectively, the "Agreement"), is entered into as of August 29, 2019 by and between Plaintiff YVONNE DOWNIE (the "Named Plaintiff"), together with the certified class of individuals and collective action members that she seeks to represent, which collectively consist of all CARELINK, INC. ("CARELINK") home health aides who were not paid time and one-half for overtime after January 1, 2015 (collectively, the "Class" or "Class Members"), and Defendants CARELINK, INC. and ENA BAILEY ("Individual Defendant"). A list of Class Members along with the amounts that they are eligible to receive under this Settlement Agreement, is attached hereto as Exhibit D. CARELINK and the Individual Defendant may be referred to collectively as the "Defendants." The Named Plaintiff, the Class Members, the Individual Defendant, and CARELINK may collectively be referred to as the "Parties."

WHEREAS, the Named Plaintiff filed a putative class and collective action Complaint in the United States District Court for the Southern District of New York (the "Court") on July 21, 2016 (the "Complaint"), captioned *Yvonne Downie v. Carelink, Inc. and Ena Bailey, and John Does #1-10* (16-cv-05868) (the "Lawsuit"); and

WHEREAS, the Complaint asserted class claims under the New York Labor Law ("NYLL") and collective claims under the Fair Labor Standards Act ("FLSA") alleging, *inter alia*, that the Defendants failed to pay wages due under the NYLL, the FLSA, breach of contract as third party beneficiaries of contracts with New York State pursuant to the New York Home Care Worker Wage Parity Law ("Wage Parity Law"), unjust enrichment for Defendants' failure to pay all wages due including wages for minimum wages under the Wage Parity Law and spread of hours, violation of the Wage Parity Law minimum wage requirements, and breach of contract for wages, and sought recovery of unpaid wages, benefits, wage supplements, liquidated damages, pre-judgment interest, and attorneys' fees and costs, as well as injunctive and declaratory relief; and

WHEREAS, the Court conditionally certified an FLSA collective of home health aides "not paid proper overtime compensation between January 1, 2015 and October 14, 2015"

and certified a New York State Rule 23(b)(3) class of home health aides "who were not paid time and one-half for overtime after January 1, 2015"; and

WHEREAS, the Class referenced in this Agreement is the same class that the court has certified in the Lawsuit;

WHEREAS, the Court denied certification to certain other proposed classes and collectives sought by Named Plaintiff; and

WHEREAS, Defendants have denied and continued to deny all of the material allegations contained in the Complaint, and any and all prior complaints filed in the Lawsuit, and have denied and continue to deny that they are liable or owe damages to the Named Plaintiff or the Class Members with respect to the alleged facts or causes of action asserted in the Complaint, and any and all prior complaints filed in the Lawsuit; and

WHEREAS, in order to facilitate discussions of the possible settlement of the Lawsuit, CARELINK provided to counsel for the Named Plaintiff ("Class Counsel") voluminous business and payroll records relating to the hours worked by and amounts paid to the Named Plaintiff and the Class Members during their employment with CARELINK; and

WHEREAS, CARELINK and the Named Plaintiff, through her counsel, each analyzed CARELINK's business and payroll records relating to the Named Plaintiff's and Class Members' claims asserted in the Complaint; and

WHEREAS, on the basis of the aforementioned business and payroll records, and its analysis thereof, Class Counsel is satisfied that he has a sufficient basis to properly value the claims as alleged in the Complaint; and

WHEREAS, the Parties have engaged in extensive discussions and negotiations in an effort to reach a resolution of Named Plaintiffs' and the Class Members' claims in order to avoid prolonged and expensive litigation; and

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Complaint, as well as the impact of this Agreement on the Named Plaintiff and the Class Members; and

WHEREAS, based on the extensive documents produced and information learned during the discovery process in the Lawsuit, the Parties have determined that CARELINK paid overtime to the Class Members after October 14, 2015 for all hours worked over 40 listed in their time records and payroll records;

WHEREAS, based upon Class Counsel's analysis of the payroll data and related information and documents produced by CARELINK, INC. relating to the approximately 202 home health aides who worked overtime from January 1, 2015 to October 14, 2015 inclusive, and the applicable law, and recognizing the risks of continued litigation, including the risk that the Named Plaintiff and Class Members might obtain a recovery less favorable than, and/or comparable to, the recovery embodied in this Agreement, and that any recovery may not be obtained for several years if at all, Class Counsel is satisfied that the terms and conditions of this

Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interests of the Named Plaintiff and the Class Members; and

WHEREAS, the Parties attended a settlement conference before Magistrate Judge Debra Freeman on Friday, June 28, 2019, and the conference resulted in a settlement in principal, subject to the negotiation and execution of a mutually acceptable settlement agreement.

WHEREAS, without admitting or conceding any liability, the Parties hereto have agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement to avoid the burden, expense, risks, and uncertainty of proceeding with litigation;

NOW, THEREFORE, in exchange for and in accordance with the mutual covenants set forth below, it is hereby agreed as follows:

## 1.      **Total Settlement Amount**

a.      Defendants shall pay up to One Hundred and Six Thousand and Three Hundred and Twenty-Four Dollars and Forty-Seven Cents ($106,324.47) (the "Total Settlement Amount") to fully and finally resolve and satisfy (i) any and all claims alleged in the Complaint that home health aides were not paid proper overtime wages for the hours over forty in a week listed on their paystubs on or after January 1, 2015, (ii) any and all attorneys' fees, litigation costs, and expenses incurred by Class Counsel, including, but not limited to, any fees, costs, or expenses incurred by Class Counsel relating to the application to the Court for approval of this Agreement and providing notice to the Class pursuant to this Agreement, and (iii) any employer-side taxes due on Individual Payments, as defined in Paragraph 5(b), and on the Named Plaintiff Settlement Amount; and (iv) all individual claims asserted by Named Plaintiff in the Lawsuit.  Defendants will not be required to pay more than the gross total of $106,324.47 under the terms of this Agreement.

b.      Defendants shall deposit one-twenty-fourth of the Total Settlement Amount into an escrow account on or before the 15th day of each calendar month from December 2019 to November 2021.  Defendants shall provide written notice to confirm each payment to Class Counsel.  Within thirty (30) calendar days after the final payment into the escrow account, the total funds in the escrow account shall be used to issue the settlement payments described in this Agreement.

c.      The settlement payment installments will be distributed as described in this Agreement in the allocation and distribution section below.

d.      Default and Acceleration.  Defendants shall be in default if  any installment of the Total Settlement Amount is not timely deposited into the escrow account, except, notwithstanding the foregoing, with reference only to the first two failures to timely deposit monies into the escrow account, a default will not occur if the monies are deposited into the escrow account on or before ten (10) business days after the effective date of the notice to cure as set forth in Paragraph 13.   If Defendants are in default, then all remaining installment payments shall become immediately due and payable.  Nothing in this Agreement is intended to eliminate any available remedies for a breach of this Agreement.

2.    **Administration**

a.    Class Counsel shall be responsible for locating Class Members and mailing the Notices of Settlement to Class Members in accordance with the Court's preliminary approval order.  Defendants shall be responsible for distributing the settlement payments authorized under this Agreement and directing its payroll company to calculate all payroll tax and withholding each Class Member's share of taxes, as appropriate, to remit such withheld funds to the appropriate taxing authorities, and to prepare and file appropriate tax reporting forms for such withheld funds and employer-side taxes.  Defendants shall provide a record of all settlement payments made under this Agreement to Class Counsel.

b.    Named Plaintiff shall direct Class Counsel to mail the notice of settlement and the claim form to the Class Members at their last known addresses and if returned to take reasonable efforts to determine their current address and resend the notice.

3.    **Motion for Preliminary Approval of this Agreement**

a.    After the execution of this Settlement, the Parties will work cooperatively to file a joint Motion for an Order Conditionally Certifying the Settlement Class and Preliminarily Approving the Class Action Settlement ("Motion for Preliminary Approval"). If the Parties cannot agree on the papers, they may submit separate papers.

b.    The Parties agree that the Motion for Preliminary Approval will include a proposed "Notice of Class and Collective Action Settlement and Settlement Fairness Hearing" in the form attached hereto as Exhibit "A" ("Notice of Settlement"), and a proposed Order Preliminarily Approving the Settlement attached hereto as Exhibit B.  The Motion for Preliminary Approval, *inter alia*, will seek preliminary approval of the settlement, this Agreement, and of the Notice of Settlement to be mailed to the Class Members; (ii) setting the dates by which Class Members may opt-out of the Class or assert objections to the settlement; (iii) setting the date by which Class Members must return a completed claim form (the "Claim Form Deadline"), and (iv) setting a date for a fairness hearing for the final approval of this settlement ("Fairness Hearing").

c.    Defendants shall comply with any applicable notice requirements under 28 U.S.C. § 1715(b).

4.    **Notices to Class Members; Court Approval; Opt-Outs; Objections.**

a.    Within ten (10) calendar days following the Court's Order preliminarily approving the settlement and this Agreement, CARELINK shall provide to the Class Counsel, in electronic form, for all Class Members, as of the date of the Preliminary Approval Order, the following information: name, Social Security Number, and last known addresses (the "Class Contact List").

b.    Within thirty (30) calendar days following the Court's Order preliminarily approving this Agreement (or within an alternate period set by the Court), the Named Plaintiff shall direct Class Counsel to mail, via First Class United States mail, postage prepaid, to each Class Member, the notice of settlement, in the format approved by the Court,

using the addresses set forth in the Class Contact List.  The date on which this initial mailing is completed shall be the "Initial Mailing Date."

       c.     Unless otherwise ordered by the Court, the Notice of Settlement will be in the form attached as Exhibit A.

       d.     If any Notices of Settlement mailings are returned as undeliverable, Named Plaintiff shall direct Class Counsel to take reasonable steps to endeavor to ascertain a current address within sixty (60) calendar days, and mail the Notice of Settlement to a current address for each such Class Member.  Named Plaintiff shall direct Class Counsel to maintain an updated Class Contact List which will be provided by the Class Counsel to counsel for the Defendants periodically and as reasonably requested by counsel, including, but not limited to, prior to the distribution of the settlement payments.

       e.     If Class Counsel is unable to find a current address for any Class Member, that Class Member waives his or her right to the any settlement payments, that Class Member shall be excluded from the Class, will not receive any settlement payments, and will not be subject to the terms of this Agreement.

       f.     Any Class Member may request exclusion from the Class by "opting out."  Class Members who choose to do so must mail a written, signed statement to Class Counsel that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and state, "I opt out of the CARELINK wage and hour settlement" ("Opt-Out Statement").  To be effective, such Opt-Out Statement must be sent to Class Counsel via First Class United States Mail, postage prepaid, and must be postmarked by a date certain to be specified on the Notice of Settlement, which date will be thirty (30) calendar days after the Initial Mailing Date.

       g.     Class Members whose first mailing was returned to Class Counsel as undeliverable will be allowed to opt-out or object up to thirty (30) calendar days from the date of the second mailing but no later than ninety (90) calendar days from the Court's Order preliminarily approving this Agreement.  Named Plaintiff shall direct Class Counsel not to attempt more than two (2) mailings of the Notice of Settlement to any Class Member, and no mailing shall occur more than sixty (60) calendar days after the Initial Mailing Date.

       h.     Named Plaintiff shall direct Class Counsel to keep accurate records of the dates on which it sends notices of settlement and claim forms to Class Members.

       i.     Named Plaintiff shall direct Class Counsel to stamp the postmark date on the original of each Opt-Out Statement that it receives and to serve copies of each Opt-Out Statement on Defendants' counsel no later than five (5) calendar days after receipt thereof. Named Plaintiff shall direct Class Counsel to, within five (5) calendar days of the end of the opt-out period, file with the Clerk of the Court, stamped copies of any Out-Out Statements.  Named Plaintiff shall direct Class Counsel to send, within twenty-four (24) hours of the end of the out-out period, a final list of all Opt-Out Statements and a final list of all individuals whose notice by mail was returned and thus not accomplished to Defendants' counsel by both email and first

class mail.  Named Plaintiff shall direct Class Counsel to retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements.

              j.      Any Class Member who has submitted a timely Opt-Out Statement or who is excluded from the Class pursuant to the terms of this Agreement will not be part of the Class, will not be subject to this Agreement or any release herein and will not be paid any monies pursuant to this Settlement Agreement.  The amount of the Individual Payment for any such Class Members shall be deducted from the maximum Total Settlement Payment set forth in in Paragraph 1(a) (together with any employer-side taxes for those Individual Payments).  Any Class Member who does not properly submit a timely Opt-Out Statement pursuant to this Agreement and is not excluded from the Class pursuant to this Agreement will be deemed to have accepted the settlement and the terms of this Agreement and will be eligible for payment hereunder, as provided for herein.

              k.      Any Class Member who does not opt out of the Settlement and who wishes to present objections to the proposed settlement at the Fairness Hearing must first set them forth in a written statement and mail it to Class Counsel ("Written Objection").  A Written Objection must be postmarked by a date certain to be specified on the Notice of Settlement, which date will be thirty (30) calendar days after the Initial Mailing Date.  The Written Objection must include: (1) the words, "I object to the CARELINK wage-and-hour settlement"; (2) all reasons for the objection (any reasons not included in the Written Objection will not be considered); and (3) the name, job title, address, and telephone numbers for the Class Member making the objection.  An objection will not be valid or considered by the Court if it does not specifically comply with all of the requirements listed herein.  Named Plaintiff shall direct Class Counsel to stamp the date received on the original and send copies of each Written Objection to Defendants' counsel by email and first class mail no later than three (3) calendar days after receipt thereof.  Named Plaintiff shall direct Class Counsel to file the date-stamped originals of any and all Written Objections with the Court no later than fifteen (15) calendar days before the Fairness Hearing.

              l.      An objector also has the right to appear at the Fairness Hearing either in person or through his or her counsel, if his or her Written Objection so states.  An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her Written Objection at the time he or she submits his or her Written Objection.  An objector may withdraw his or her objections at any time.  No Class Member may appear at the Fairness Hearing unless he or she submitted a timely Written Objection that complies with the procedures required under this Agreement.  No Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her Written Objection.  Any Class Member who has submitted an Opt-Out Statement may not submit objections to the settlement or speak at the Fairness Hearing.

              m.      Class Counsel and/or counsel for the Defendants may file with the Court a written response to any filed Written Objections no later than three (3) calendar days before the Fairness Hearing.

              n.      Sufficiently in advance of the Fairness Hearing, Named Plaintiff shall direct Class Counsel to submit to counsel for the Defendants a draft Motion for Judgment

and Final Approval of the settlement and this Agreement.  Named Plaintiff shall direct Class Counsel to allow counsel for the Defendants to review and comment on the terms of such papers and to work cooperatively with Counsel for the Defendants to ensure the language of such motion is acceptable to Counsel for the Defendants.

o.     Unless otherwise ordered by the Court, not later than fourteen (14) calendar days before the Fairness Hearing, Named Plaintiff shall direct Class Counsel to file a joint Motion for Judgment and Final Approval of the settlement and this Agreement requesting that the Court shall, among other things, (i) approve the settlement as fair, adequate, reasonable, and binding on all Class Members who have not timely opted in in accordance with this Agreement, (ii) approve and incorporate the terms of the release for the Class Members and the terms of the release for the Named Plaintiff, described in Paragraph 9; (iiii) enter final judgment in accordance with this Agreement and dismiss the Lawsuit with prejudice; and (iv) setting the amount of Court-approved attorneys' fees and costs.  Defendants shall join the motion or shall file their own separate papers but may not oppose the motion unless it is inconsistent with the terms of this Agreement.  The Parties agree to request that the Court approve a final approval order and judgment in the form of Exhibit C.

p.     At the Fairness Hearing, the Parties will request that the Court issue all of the relief set forth in the Motion for Judgment and Final Approval.

## 5.   Allocation and Distribution of the Net Total Settlement Amount.

a.     The "Net Settlement Amount" is defined as the total settlement amounts listed in Exhibit D for each Class Member who does not submit a timely Opt-Out Statement and who is not excluded from the Class pursuant to the terms of this Agreement.

b.     Each Class Member who does not submit a timely Opt-Out Statement and who is not excluded from the Class pursuant to the terms of this Agreement shall receive an individual payment ("Individual Payment") in a gross amount equal to the "Portion of Net Settlement Amount" listed by his/her name on Exhibit D, less any employer-side taxes due on the settlement payments to Class Members.  The Individual Payments shall be paid as wages, and CARELINK shall issue IRS Forms W-2 and any other forms as the applicable taxing authorities may require to each Class Member for any Individual Payment amounts paid to him/her.  The Individual Payments shall be subject to payroll withholding, which shall be determined using (i) an existing Form W-4 on file with CARELINK, (ii) a new Form W-4 provided by a Class Member to Class Counsel in connection with this settlement and received by CARELINK at least thirty (30) calendar days prior to distribution of the Individual Payments; or (iii) in the absence of the foregoing, CARELINK shall consider a Class Member to be a single person, claiming zero (0) withholding allowances.

c.     On or before the deadline set forth in Paragraph 1(b), Defendants shall distribute the following payments: (i) distribute to Class Counsel its Court-approved expenses; (ii) distribute to Class Counsel its Court-approved fee amount; (iii) distribute to Named Plaintiff the Named Plaintiff Settlement Payment; and (iv) distribute, to each Class Member who has not timely submitted an Opt-Out Statement or been excluded from the Class,

his/her Individual Payment; in each instance, less applicable withholdings and deductions as appropriate.

d.       The Individual Payments will be made by Defendants by mailing check(s) to each Class Member at his or her address as listed on the most recent Class Contact List, as maintained and updated by Class Counsel.  The checks shall contain a notation stating: "By signing, depositing and/or cashing this check, I hereby consent to opt-in to the FLSA collective action in *Downie v. Carelink, Inc. and Ena Bailey* (S.D.N.Y. 16-cv-05868) and to release Defendants and Releasees from all claims that I was not paid full wages (including overtime) for any hours over forty in a workweek on or after January 1, 2015."  By signing, depositing or cashing any settlement checks, Class Members shall be deemed to have opted into the FLSA collective in this action.

e.       If a check is returned to Defendants by the post office with a forwarding address, Defendants shall re-mail the check to the forwarding address and provide Class Counsel and counsel for the Defendants with proof of such mailing.  If a check is returned to Defendants without a forwarding address, they shall provide written notice to Class Counsel within seven (7) calendar days, and Named Plaintiff shall direct Class Counsel to use reasonable efforts to attempt to find a new address.  If a new address is found, Named Plaintiff shall provide written notice to Defendants, and Defendants shall re-mail the check to said new address.

f.       If Class Counsel is unable to locate an address for a Class Member whose settlement check was returned within thirty (30) calendar days, that Class Member shall be excluded from the Class.

### 6.       Named Plaintiff Recovery

a.       The "Named Plaintiff Settlement Amount" shall be Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) in wages, less applicable withholdings and less any employer-side payroll taxes due on this payment to Named Plaintiff. This amount shall be paid to Named Plaintiff as settlement of her individual claims in this suit , including, but not limited to, her claims for payment of 11 hours of wages per 24-hour live in shift.  This amount shall be subject to payroll withholding, which shall be determined using (i) an existing Form W-4 on file with CARELINK, (ii) a new Form W-4 provided by Named Plaintiff to Class Counsel in connection with this settlement and received by CARELINK at least thirty (30) calendar days prior to distribution of the Named Plaintiff Settlement Amount; or (iii) in the absence of the foregoing, CARELINK shall consider Named Plaintiff to be a single person, claiming zero (0) withholding allowances.

b.       CARELINK shall issue IRS Forms W-2 to the Named Plaintiff for the Named Plaintiff Settlement Amount payments.

### 7.       Attorneys' Fees; Litigation Expenses.

a.       Class Counsel shall seek approval for an award of attorneys' fees, costs and expenses in an amount of Fifty-One Thousand and Eight Hundred and Fifty-Eight and fifteen Cents ($51,858.15) (expected to equal about $45,000.00 of fees and expenses of $6,858.15).   Defendants shall take no position with respect to, and shall not oppose, such

attorneys' fees, costs and costs/expenses applications and Defendants agrees to pay Class Counsel for any amounts approved by the Court for fees, costs and expenses not exceeding $51,858.15.

b. Defendants will not have any additional liability for Class Counsel's attorneys' fees, expenses and costs beyond that which is approved by the Court. No attorneys' fees, costs or expenses will be paid if the Defendants void this Agreement as permitted by Paragraph 11, if this Agreement does not receive preliminary or final court approval, or if this Agreement is otherwise rendered null and void according to its terms.

c. CARELINK shall issue IRS Forms 1099 and any other such forms as the applicable taxing authorities may requires to: (i) Class Counsel for the court-approved fees, costs and expenses paid pursuant to this Agreement; and (ii) each Class Member – who did not submit a timely Opt-Out Statement and who is not otherwise excluded from the Class pursuant to this Agreement – for his/her portion of the payment amount. For tax reporting purposes, the amount of Court-approved fees, costs and expenses shall be divided amongst the foregoing Class Members based on the percentage of each Class Member's Individual Payment divided by the total Individual Payments made by Defendants under this Agreement.

## 8. **Effective Date**

a. This Agreement shall become effective upon its execution.

b. The Effective Date shall be the later of (1) thirty-three (33) calendar days after entry of an order and/or final judgment by the Court ("the "Order") granting final approval of this Agreement and dismissing the case with prejudice, if no appeal of such final approval is then pending, or (2) upon the final disposition of any appeal that has the effect of affirming the final approval order in its entirety, with no further opportunity for appeal.

c. If the Court does not enter an Order granting final approval of the settlement and this Agreement, or such Order does not become final, this Agreement shall be null and void, and the Parties shall return to their positions prior to the filing of the motion for preliminary approval of this Agreement unless the Parties jointly agree to (1) seek reconsideration or appellate review of the decision denying entry of the Order, or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement. In the event any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not reached or not approved:

1. This Agreement shall be null and void, and the Lawsuit will proceed as if no settlement had been attempted. In that event, the Defendants may assert all potentially applicable defenses in connection with the Lawsuit (e.g., contest whether the Lawsuit should be maintained as a class action or collective action, contest the merits of the claims being asserted in the Lawsuit, etc.). In such case, the Parties will negotiate and submit for Court approval a revised case management schedule.

2. Named Plaintiff shall direct Class Counsel to provide notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Agreement. Such notice shall be mailed

by Class Counsel via first class mail, postage prepaid, to the addresses on the most recent Class Contact List.

9.   **Release**

By operation of the entry of an Order by the Court granting final approval of the settlement and this Agreement, and except as to such rights or claims as may be created by this Agreement:

a.   Each individual Class Member, on behalf of him/herself and his/her heirs, successors, executors, administrators, and assigns ("Releasors"), fully and finally releases and discharges the Defendants, and their respective owners, parents, subsidiaries, affiliates, predecessors, successors, members, shareholders, officers, directors, agents, current and former employees, attorneys, insurers, and assigns (collectively, "Releasees"), of and from any and all claims alleging that they were not paid full wages (including overtime premiums) for their hours over forty in a work week listed on their paychecks on or between January 1, 2015 and October 14, 2015, including, but not limited to, claims under the New York Labor Law and the Fair Labor Standards Act. Notwithstanding the foregoing, among other claims, this release specifically does not release any claim for unpaid hours worked (including unpaid hours worked during 24 hour shifts).

b.   In addition to the release provided under the preceding Paragraph, Named Plaintiff, on behalf of herself and her heirs, successors, executors, administrators, and assigns ("Plaintiff Releasor"), hereby releases all Releasees, of and from any and all claims, complaints, demands, actions, causes of action, suits, rights, debts, obligations, judgments, damages, entitlements, liabilities, and expenses (inclusive of attorneys' fees) of any kind or nature whatsoever that Plaintiff now has or ever had against any Releasee, whether known or unknown, that Plaintiff has possessed, or which have accrued, at any time up to the date Plaintiff executes this Agreement.  For the avoidance of doubt, and without limiting the broad nature of the claims released, the immediately preceding sentence releases each of the Releasees from any and all claims: (1) related to Plaintiff's employment with Defendants, or the termination of such employment; (2) arising under any law relating to employment, including, but not limited to (all as amended), the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Equal Pay Act of 1963, the Consolidated Omnibus Budget Reconciliation Act, the Occupational Safety and Health Act, the Genetic Information Nondiscrimination Act of 2008, the Immigration Reform and Control Act of 1986, the Worker Adjustment and Retraining Notification Act, the Civil Rights Act of 1866 (42 U.S.C. §§ 1981–1988), the Employee Retirement and Income Security Act of 1974, Articles 5, 6, 7, and 19 of the New York Labor Law (N.Y. Labor Law §§ 160 to 219-c, 650 to 665), Public Health Law § 3614-c, Sections 120 and 241 of the New York Workers' Compensation Law, the New York Human Rights Law (N.Y. Executive Law §§ 290 to 301), Article 23-A of the New York State Corrections Law, the New York Worker Adjustment and Retraining Notification Act, the New York City Human Rights Law (N.Y. City Admin. Code §§ 8-101 to 8-1103), the New York City Earned Sick Time Act (N.Y. City Admin. Code §§ 20-911 to 20-924) and N.Y. City Admin. Code § 6-109; (3) for wages as well as any other amounts allegedly owed under federal, state, or local law; (4) arising under any employee benefit

plan, policy, or practice; (5) arising under tort, contract, or quasi-contract law, including but not limited to claims of negligence, breach of an expressed or implied contract, retaliation, violation of public policy, fraud, defamation, slander, libel, or negligent or intentional infliction of emotional distress; (6) for monetary or equitable relief, including but not limited to attorneys' fees, back pay, front pay, reinstatement, compensatory or punitive damages, liquidated damages, experts' fees, medical fees or expenses, costs, or disbursements; and (7) arising under any other federal, state, or local law, rule, regulation, order, common law, ordinance, or court decision.

        c.     The releases set forth in this section shall not apply to Class Members who submit a timely Opt-Out Statement or who are excluded from the Class pursuant to the terms of this Agreement.

     **10.**    **Liens**

        a.     Named Plaintiff warrants and represents that she and Class Counsel are not aware of any liens and/or pending legal claims applicable to the Total Settlement Amount.  Class Members shall defend, indemnify and hold harmless Defendants against any lien, claim or action asserted against or related to the Total Settlement Amount, including the payment of any attorneys' fees and costs incurred by Defendants.  Class Members shall be solely responsible to satisfy any liens or claims asserted against Defendants as against or related to the Total Settlement Payment.

     **11.**    **Option to Void**

        a.     If twenty-five (25) or more Class Members submit timely Opt-Out Statements and/or are excluded from the Class pursuant to the terms of this Agreement, either Defendant may, but is not obligated to, on or before the 20th calendar day after Class Counsel provides written notice to Defendants with a complete list of all Class Members who submitted a timely Opt-Out Statement, void this Agreement, in which case the Parties shall return to their positions prior to the execution of this Agreement and this Agreement shall be null and void, without any prejudice to the Class Members' claims or Defendants' defenses.  Either Defendant may exercise this option by providing written notice to Class Counsel pursuant to Paragraph 13.

        b.     If this Agreement becomes void under this Paragraph or otherwise, Defendants are not required to make any payments hereunder and any payments previously made must be returned.

     **12.**    **Miscellaneous**

        a.     Nothing contained in this Agreement shall be deemed an admission by the Defendants of liability for the claims asserted in the Lawsuit.  Defendants expressly deny all wrongdoing alleged in the complaint or otherwise.

        b.     The Parties have negotiated all the terms and conditions of this Agreement at arms' length.

        c.     The Parties have jointly drafted this Agreement through their respective counsel and, as such, this Agreement shall not be construed for or against any Party by

virtue of draftsmanship.  The captions or headings of the Paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

d. This is a binding agreement, subject to approval by the Court, and may not be modified except by a writing executed by Named Plaintiff and Defendants.  No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's final approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of Named Plaintiff and Defendants and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval.  Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

e. Named Plaintiff and Defendants shall cooperate fully with each other and work together diligently and in good faith to obtain preliminary and final approval of this Agreement by the Court.  Named Plaintiff and Defendants, upon the request of the other, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions and intent of this Agreement, including acts of complying with the Court's orders regarding the form and method of notice to the Class.

f. Named Plaintiff, on her behalf and on behalf of the individual Class Members, represents and warrants that she has not and shall not assign or transfer, or purport to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Lawsuit, or any related action.

g. This Agreement arises from Class Members' employment within the State of New York and, as such, shall be interpreted, construed, and governed by and in accordance with, the laws of the State of New York without regard to New York's choice of law principles.

h. This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement of the Lawsuit.  This Agreement shall be binding upon the Parties and, with respect to the Named Plaintiff and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, and assigns.

## 13. <u>Notice.</u>

Any notices required to be given under this Agreement shall be given either by overnight delivery (such as FedEx) or by certified first class mail, return receipt requested, postage prepaid.  If notice is given by overnight delivery, it will be deemed effective on the delivery date, as confirmed by the courier.  If notice is given by certified first class mail, it will be deemed effective three (3) calendar days after it is sent.  Notice shall be given to the following:

If to CARELINK and/or the Individual Defendant:

To:   Michael Collins, Esq.
      Bond, Schoeneck & King PLLC
      600 Third Avenue, 22nd Floor
      New York, New York 10016-1915

If to Named Plaintiff or any Class Member(s):

To:   William Coudert Rand, Esq.
      Law Office of William Coudert Rand
      501 Fifth Avenue, 15th Floor
      New York, New York 10017

**14.   Execution.**

This Agreement may be executed in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument. Any Party may execute this Agreement by signing, or causing its counsel to sign, on the designated signature block below and transmitting that signature page via facsimile or email to the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party who transmits the signature page by facsimile or email.

**PLAINTIFF**

Dated: 8/22  , 2019                    ___Yvonne Downie___
                                          Yvonne Downie

**DEFENDANTS**

Dated: _____, 2019                 CARELINK, INC.


                                       By: _____
                                              Ena Bailey

                                       Title:_____


Dated: _____, 2019                  _____
                                              Ena Bailey


- 13 -

If to CARELINK and/or the Individual Defendant:

To:    Michael Collins, Esq.
        Bond, Schoeneck & King PLLC
        600 Third Avenue, 22nd Floor
        New York, New York 10016-1915

If to Named Plaintiff or any Class Member(s):

To:    William Coudert Rand, Esq.
        Law Office of William Coudert Rand
        501 Fifth Avenue, 15th Floor
        New York, New York 10017

14.    **Execution.**

        This Agreement may be executed in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument. Any Party may execute this Agreement by signing, or causing its counsel to sign, on the designated signature block below and transmitting that signature page via facsimile or email to the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party who transmits the signature page by facsimile or email.

**PLAINTIFF**

Dated: _____, 2019

_____
    Yvonne Downie

**DEFENDANTS**

Dated: 8/29, 2019

CARELINK, INC.

By: _____
    Ena Bailey

Title: _____

Dated: 8/29/2019

_____
    Ena Bailey

- 13 -

# Exhibit A

### Proposed Notice of Class Action Lawsuit, Settlement and Fairness Hearing

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
501 Fifth Ave., 15th Floor
New York, New York 10017
(Phone) (212) 286-1425; (Fax) (646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YVONNE DOWNIE,                               :      ECF
                                             :      1:16-cv-05868 (JPO)(DCF)
                              Plaintiff,      :
                                             :
              -against-                       :
                                             :
CARELINK, INC. and ENA BAILEY,               :
And JOHN DOES #1-10,                          :
                                             :
                              Defendants.     :
------------------------------------------------------------X

## NOTICE OF CLASS AND COLLECTIVE ACTION
## <u>SETTLEMENT AND SETTLEMENT FAIRNESS HEARING</u>

TO:    ALL INDIVIDUALS EMPLOYED BY CARELINK
       SERVICES, INC. ("CARELINK" OR "DEFENDANT") AS
       HOME HEALTH AIDES ON OR AFTER JANUARY 1, 2015
       AND WHOSE PAYSTUBS LISTED MORE THAN 40
       HOURS WORKED IN AT LEAST ONE WORKWEEK
       ("CLASS MEMBERS" OR "CLASS").

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY
BE AFFECTED BY THE PROCEEDINGS IN THIS LITIGATION.

**EXCLUSION DEADLINE:**  ANY REQUESTS FOR EXCLUSION MUST BE MAILED TO
CLASS COUNSEL IN THE MANNER DESCRIBED BELOW, POSTMARKED ON OR BEFORE
**[INSERT DATE]** *[30 calendar days after mailing of this notice by the administrator]*.

**OBJECTION DEADLINE:**  ANY NOTICES OF OBJECTIONS AND/OR INTENTIONS TO
APPEAR AND BE HEARD ORALLY AT THE SETTLEMENT FAIRNESS HEARING MUST BE
MAILED TO CLASS COUNSEL IN THE MANNER DESCRIBED BELOW, POSTMARKED ON
OR BEFORE **[INSERT DATE]** *[30 calendar days after mailing of this notice by the administrator]*

14

## I.     PURPOSE OF THIS NOTICE

This Notice is given pursuant to Federal Rule of Civil Procedure 23, the Fair Labor Standards Act, the New York Labor Law and an Order entered by the United States District Court for the Southern District of New York (the "Court"), dated _____ (the "Preliminary Order").  The above-captioned action (the "Action") is now pending before the Court as a class and collective action. The Action seeks damages against CARELINK and Eva Bailey for allegedly unpaid overtime and related remedies.  CARELINK and Eva Bailey dispute that any damages are owed.

This Notice informs you of the pendency of the Action and the existence of a proposed settlement (the "Settlement") that will affect the rights of all Class Members.

You may be a Class Member.  This Notice describes rights that Class Members have under the proposed Settlement and the steps Class Members must take in relation to the Action.

This Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in the Action or the fairness or adequacy of the proposed Settlement.

## II.    SUMMARY OF PROPOSED SETTLEMENT

### A.     Proposed Monetary Terms

Pursuant to the Settlement, CARELINK and ENA BAILEY (collectively "Defendants") have agreed to pay up to $106,324.47 dollars (the "Total Settlement Amount") to fully and finally resolve the Action and to satisfy all claims of Class Members.

After deducting any attorneys' fees and expenses of Class Counsel approved by the Court, and payments to the Named Plaintiff, Defendants will distribute all remaining amounts (the "Net Settlement Fund") to Class Members based on the allocation formula set forth below in the section entitled "Distribution and Allocation of Settlement Proceeds."

Defendants will deposit the Total Settlement Amount into an escrow account in 24 monthly installments from December 15, 2019 to November 15. 2021.  The Net Settlement Fund will be distributed to Class Members within thirty (30) calendar days after the last monthly installment is made.   By cashing, signing or depositing the settlement check sent to you, you are consenting to opt into the Fair Labor Standards Act claim in the Action and to be bound by this settlement of that claim (as well as the New York Labor Law claim).

### B.     Attorneys' Fees and Costs Sought

"Plaintiffs' Counsel" or "Class Counsel" means the Law Office of William Coudert Rand, 501 Fifth Ave., 15th Floor, New York, N.Y. 10017.

Defendants have agreed to pay any Court-approved fees and expenses for Class Counsel, up to $51,858.15 (expected to equal about $45,000.00 for fees and $6,858.15 for expenses).

### C.     Awards Sought for the Named Plaintiff

Defendants have agreed to pay the Named Plaintiff the sum of $7,500.00 for her individual claims.

### III.     NOTICE OF SETTLEMENT FAIRNESS HEARING

            NOTICE IS HEREBY GIVEN, pursuant to Federal Rule of Civil Procedure 23 and the Preliminary Order, that a hearing will be held before the Honorable _____, in Courtroom _____ of the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007-1312, at _____ a.m./p.m., on _____, 20___ (the "Settlement Fairness Hearing") to: (i) determine whether a class should be certified for settlement purposes; (ii) determine whether the Settlement Agreement dated _____ (the "Settlement Agreement") should be approved by the Court as being fair, reasonable and adequate for the Class Members; and (iii) consider the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses, as agreed by Defendants.

### IV.     BACKGROUND OF THE ACTION

            On July 21, 2016, Named Plaintiff YVONNE DOWNIE brought this lawsuit against CARELINK INC. and ENA BAILEY on behalf of herself and all others similarly situated ("Plaintiffs"). A class and collective action under the Fair Labor Standards Act ("FLSA") was certified on July 26, 2018 on behalf of health aide employees who were allegedly not paid full overtime on or after January 1, 2015, and after the mailing of notice, certain health aides filed notices of consent to opt-in and join this lawsuit. Specifically, Named Plaintiff alleged, among other things, that she and the Class Members are owed overtime pay at the rate of one and one-half times their regular wage rate under the FLSA and the New York Labor Law ("NYLL") for work in excess of forty (40) hours per workweek on and after January 1, 2015. Plaintiffs also sought liquidated damages, together with prejudgment interest and attorneys' fees and costs.

            Defendants have denied any wrongdoing or liability and are vigorously contesting all claims that have been asserted.

### V.     BACKGROUND TO THE SETTLEMENT

            Before entering into the Settlement, Plaintiffs' Counsel conducted an investigation relating to the events and transactions underlying Plaintiffs' claims. Plaintiffs' Counsel's decision to enter into this Settlement was made with knowledge of the facts and circumstances underlying Plaintiffs' claims and the strengths and weaknesses of those claims. In determining to settle the Action, Plaintiffs' Counsel has analyzed the evidence adduced during pretrial proceedings and settlement negotiations, and has taken into account the substantial expense and length of time necessary to prosecute the litigation through a class de-certification motion, trial, post-trial motions and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this complex litigation. The parties negotiated over the course of months and participated in a settlement conference before Magistrate Judge Debra Freeman at which they finally reached agreement on the terms of the Settlement. Plaintiffs' Counsel believes that the Settlement described herein confers substantial benefits upon the Class Members. Based upon consideration of these factors, and others, Plaintiffs' Counsel has concluded that it is in the best interest of Named Plaintiff and the Class Members, to settle the Action on the terms described herein, and that such Settlement is fair, reasonable and adequate to the Class.

Plaintiffs' Counsel believes that if the Action were not settled, and the Action proceeded to trial, and the individual Named Plaintiff and Class Members prevailed on every claim and contention asserted, the recovery by judgment could have been greater than the recovery under the Settlement. However, Plaintiffs' Counsel considered that there was also a substantial risk that, if the Action proceeded, Plaintiffs and the Class Members might not have prevailed on any or all of their claims and received no recovery. Plaintiffs' Counsel also considered the likelihood that Defendants would appeal any adverse rulings, which would, at a minimum, substantially delay any recovery and present a risk that such rulings would be reversed in Defendants' favor. Finally, Plaintiffs' Counsel considered the risk that Defendants might file for bankruptcy if Plaintiffs were able to successfully obtain a large judgment after trial.

Defendants deny all allegations of wrongdoing or liability whatsoever. They desire to settle and terminate all existing or potential claims against them which were, or could have been, asserted in the Action, without in any way acknowledging any fault or liability, in order to eliminate the expense and uncertainty of protracted litigation. The Settlement is not, and shall not, be construed or be deemed to be, evidence or an admission or a concession on the part of Defendants of any fault or liability or damages whatsoever, and Defendants do not concede any infirmity in the defenses that they have asserted or could have asserted in the Action.

The amount of damages, if any, which Named Plaintiff could prove on behalf of herself or the Class Members was also a matter of dispute. The Settlement Agreement's provisions do not constitute a finding, admission, or concession of the existence, extent, or measure of damages. No determination has been made by the Court as to liability or the amount, if any, of damages incurred by the Class, nor on the proper measure of any such damages. The determination of damages, like the determination of liability, is a complicated and uncertain process. The Settlement herein will provide an immediate and substantial benefit, and avoid the risks that liability or damages might not be proved at trial, as well as the risk that class certification might not be granted.

THE COURT HAS NOT FINALLY DETERMINED THE MERITS OF PLAINTIFFS' CLAIMS OR DEFENDANTS' DEFENSES THERETO. THIS NOTICE DOES NOT IMPLY THAT THERE HAS BEEN OR WOULD BE ANY FINDING THAT DEFENDANTS VIOLATED ANY LAW, DUTY, OR OBLIGATION OR THAT CLASS MEMBERS COULD HAVE RECOVERED ANY AMOUNT IF THE ACTION WERE NOT SETTLED.

## VI.    DISTRIBUTION AND ALLOCATION OF SETTLEMENT PROCEEDS

The Effective Date of the Settlement is the later of (1) thirty-three (33) calendar days after entry of an order and/or judgment granting final approval of this Settlement, if no appeal of such final approval is then pending, or (2) upon the final disposition of any appeal that has the effect of affirming the final approval order in its entirely, with no further opportunity for appeal.

Defendants will distribute the Net Settlement Fund to Class Members within thirty (30) calendar days after the final installment payment is made.

The gross settlement payments for Class Members equal their overtime hours as listed on their paystubs on and between January 1, 2015 and October 14, 2015 times $1.87 per hour (which equals the difference between $15.00 per hour (1.5 times each Class Member's hourly rate of $10.00) and the rate of $13.13 per hour, the rate paid to each Class Member ($13.13 equaled time and one half the 2015 minimum wage of $8.75 per hour)), less employer-side payroll taxes.  These payments shall be made as wages and will have withholdings taken out of the net payment amount.  The withholdings will be calculated based on (i) a Form W-4 previously completed by you contained within Carelink's files, (ii) a new Form W-4 that you complete and send to Class Counsel in connection with this settlement and that is received by Carelink at least thirty (30) calendar days prior to the distribution of the settlement payments, or (iii) if neither of the foregoing exist, then you will be deemed a single person claiming zero (0) withholding allowances.

## VII.   RELEASE OF CLAIMS

Unless you exclude yourself (or "opt-out") from the Settlement, as described below, you will be subject to the Court's judgment and will not be permitted in the future to bring any Released Claims against Defendants, and their respective owners, parents, subsidiaries, affiliates, predecessors, successors, members, shareholders, officers, directors, agents, current and former employees, insurers and assigns (collectively, the "Releasees"), nor will you be permitted to participate as a class or collective member in any other action or lawsuit based on any of the Released Claims, regardless of whether such an action is already pending or may be filed in the future.

Upon entry of an order by the Court granting final approval of the Settlement, each Class Member (including you) who received notice of settlement and who does not timely opt-out, on behalf of him/herself and his/her heirs, successors, executors, administrators, and assigns ("Releasors"), fully and finally releases and discharges the Releasees, of and from any and all claims alleging that the Class Member was not paid full wages (including overtime permiums) for his/her hours over forty in a work week listed on his/her paychecks applicable to the period on or between January 1, 2015 to October 14, 2015 (the "Released Claims"). Among other claims, this release specifically does not release any claim for unpaid hours worked (including unpaid hours worked during 24 hour shifts). The claims released above are referred to the "Released Claims."

## VIII.   YOUR RIGHTS AS A CLASS MEMBER

You have three options under this Settlement.  You may: (A) remain in the Class and receive a payment under this Settlement; (B) exclude yourself from the Class and "opt-out"; or (C) remain in the Class and object to the Settlement.

### A.   Option A: To Receive Money under the Settlement

If you wish to remain in the Class and receive a payment under the Settlement, you are not required to do anything.  After the Court has finally approved the Settlement and there are no appeals, you will receive distributions from Defendants.  If you choose this option, you will be bound by all determinations and judgments in this Action concerning the Settlement, including the Release stated above, whether favorable or unfavorable.  This means that you cannot sue, continue to sue, be a party, or be a class member or collective member in any other lawsuit against the Releasees based on the Released Claims or arising out of the issues raised in the Action.

**B.**      **Option B:  To Exclude Yourself from the Settlement**

If you do not wish to participate in the Settlement, you may exclude yourself (or "opt-out") by sending a signed letter to Class Counsel that says:  "My name is _____.  My current address is _____.  My current phone number is _____.  I opt out of the CARELINK wage and hour settlement.  I understand that by excluding myself from the Settlement, I will not be entitled to any payments or other relief under the Settlement."

To be effective, the letter must be sent to Class Counsel by First Class Mail, postage prepaid, and must be postmarked by _____ **[INSERT DATE]** *[30 calendar days after mailing]*.  Class Counsel's address to which the letter must be mailed is:

> William C. Rand, Esq. (WR-7685)
> LAW OFFICE OF WILLIAM COUDERT RAND
> 501 Fifth Ave., 15th Floor
> New York, New York 10017

**IF YOU ARE A CLASS MEMBER, AND YOU DO NOT PROPERLY EXCLUDE YOURSELF FROM THE CLASS, YOU WILL BE BOUND BY THE CLASS ACTION SETTLEMENT AND THE FINAL JUDGMENT OF THE COURT.**

**IF YOU EXCLUDE YOURSELF FROM THE CLASS, YOU WILL NOT BE BOUND BY THE SETTLEMENT, OR BY THE FINAL JUDGMENT OF THE COURT, BUT YOU WILL NOT BE ENTITLED TO ANY PAYMENT UNDER THE SETTLEMENT.**

**C.**      **Option C: To Object to the Settlement**

If you do not opt-out, you may object to the Settlement.  If you choose to present objections to the proposed Settlement, you must set forth your objections in a written statement and mail it to Class COusnel ("Written Objection").

A Written Objection must be postmarked by **[INSERT DATE THIRTY (30) CALENDAR DAYS AFTER MAILING OF NOTICE].**  The Written Objection must include: (1) the words, "I object to the CARELINK wage-and-hour settlement"; (2) all reasons for the objection (any reasons not included in the Written Objection will not be considered); and (3) your name, job title, address, and telephone number.

If you wish to appear at the Fairness Hearing, you must state your intention to do so in your Written Objection.  You may withdraw your Written Objection at any time.  You may not appear at the Fairness Hearing unless you file a timely Written Objection that complies with the procedures set out in this notice.  You may not present an objection at the Fairness Hearing based on a reason not stated in your Written Objection.

An objection will not be valid or considered by the Court if it does not specifically comply with all of the requirements listed herein.

## IX.     PROHIBITION AGAINST RETALIATION

If you are a current employee, you should know that CARELINK is prohibited by law from retaliating against you for participating in this settlement.  CARELINK emphasizes that there will be no retaliation against any Class Member for remaining in the class.

## X.     CHANGE OF ADDRESS

If you change your residence after receiving this Notice, or if the notice was misaddressed, you are responsible for providing your name and updated address and phone number to Class Counsel to ensure that further communications and the settlement payments reach you.

## XI.     EXAMINATION OF PAPERS AND INQUIRIES

If you wish to obtain a copy of the Settlement Agreement, or if you have other questions, you may contact Class Counsel at _____.

### PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.

Dated: _____, 20__

# Exhibit B

## Proposed Order Preliminarily Approving Class Settlement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YVONNE DOWNIE,                                    :        ECF
                                                 :        1:16-cv-05868 (JPO)(DCF)
                               Plaintiff,        :
                                                 :
              -against-                          :
                                                 :
CARELINK, INC. and ENA BAILEY,                   :
And JOHN DOES #1-10,                             :
                                                 :
                               Defendants.       :
-------------------------------------------------------------X

### ORDER PRELIMINARILY APPROVING
### CLASS AND COLLECTIVE ACTION SETTLEMENT AND
### <u>PROVIDING FOR NOTICE OF FAIRNESS HEARING</u>

**WHEREAS**, the class and collective action, *Yvonne Downie  v. Carelink Inc., et al.*,

Civil Action Number 16 CV 05868 ("Lawsuit"), is currently pending before this Court;

**WHEREAS**, the parties have made an application, pursuant to Federal Rules of Civil

Procedure 23(e) and (g) for an order approving settlement of the claims in the Lawsuit certified as

class and collective and Named Plaintff's individual claims (the "Settlement") in accordance with a

Settlement Agreement dated as of _____, 2019 (the "Agreement"), which, together with the

exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Lawsuit

against Defendants and for dismissal of the Lawsuit against Defendants with prejudice upon the terms

and conditions set forth therein, and the Court has read and considered the Agreement, the exhibits

annexed thereto, and the parties' joint motion for approval; and

**WHEREAS**, all capitalized terms contained and not otherwise defined herein shall

have the same meanings set forth in the Agreement.

**IT IS ON THIS _____ DAY OF _____, 2019, HEREBY ORDERED AS
FOLLOWS:**

1.      The Court hereby preliminarily approves the Settlement set forth in the Agreement as being fair, just, and reasonable.

2.      The Collective is comprised of all home health aides employed by Defendants at any time from January 1, 2015 to October 14, 2015 and whose payroll records reflected that they worked at least 40 hours in a workweek during that period.  The Class is comprised of all home health aides employed by Defendants at any time from January 1, 2015 to the date of this order and whose payroll records reflected that they worked at least 40 hours in a workweek during that period.

3.      The Court finds that the Class and Collective referenced in the Settlement Agreement are identical to the class and collective previously certified by the Court.

4.      The Court confirms that it has previously appointed the Named Plaintiff YVONNE DOWNIE as class and collective representative and appointed as Class Counsel the Law Office of William Coudert Rand and hereby approves the use of Class Counsel to send notices to the Class Members regarding the settlement.

5.      The Agreement falls within the range of reasonableness and appears to be presumptively valid, subject only to the objections that may be raised at the final Fairness Hearing.

6.      The Court approves, as to form and content, the Notice of Settlement attached as Exhibit A to the Agreement under Federal Rules of Civil Procedure 23(c) and (e), and finds that the mailing and distribution of the Notice substantially in the manner and form set forth in the Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to all persons in the Class, complying fully with the requirements of Federal Rule of Civil Procedure 23, the Fair Labor Standards Act (the "FLSA"), the New York Labor Law, the Constitution of the United States, and any other applicable laws.

7.      A Fairness Hearing shall be held before this Court on _____, 20___, [not less than 100 calendar days from this order] at the United States District Court, Southern District of New York, U.S. Courthouse,  500 Pearl Street,  New York, N.Y. 10007, to determine finally whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, just, reasonable, adequate, and in the best interest of the Class, and should be approved by the Court; to determine the amount of any Court-approved attorneys' fees and costs for Class Counsel; and to rule on whether entry of Judgment and Final Approval, as provided in the Agreement, should be entered.

8.      Class Counsel are hereby authorized to supervise and administer the notice procedure as more fully set forth below:

A.      On or before _____ [10 calendar days from this Order], CARELINK shall provide the Class Counsel with the Class Contact List.

B.      On or before thirty (30) calendar days from this Order (the "Notice Date"), Class Counsel shall cause to be mailed by first-class mail, a copy of the Notice of Settlement, substantially in the form annexed as Exhibit A to the Agreement, to all putative Class Members who can be identified or located with reasonable effort.

C.      Class Members shall have thirty (30) calendar days from the date that the Notice is mailed to opt-out of the settlement by mailing an Opt-Out Statement to Class Counsel, containing the information required by the Agreement.

D.      Class Members shall have thirty (30) calendar days from the date that the notice is mailed to mail a Written Objection to Class Counsel containing the information required by the Agreement.  Any objection shall state the objector's name, job title, address, and telephone number with CARELINK and whether the objector intends to speak at the Fairness Hearing.  Any member of the Class who does not make his or her objection in the manner provided

in the Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement, the releases provide for in the Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the Named Plaintiff Settlement Amount, unless otherwise ordered by the Court.

        E.     Class Counsel and Defendants' counsel shall file a Joint Motion for Judgment and Final Approval of the Settlement and the Agreement no later than fourteen (14) calendar days before the Fairness Hearing.

        F.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  Notice of any adjournment can be obtained from Class Counsel:  William C. Rand, Esq., Law Office of William Coudert Rand, 501 Fifth Ave., 15th Floor, New York, New York 10017 (phone #212-286-1425) (fax #646-688-3078).  The Court may approve the settlement, with such modifications as may be agreed to by Class Counsel and Defendants' counsel, if appropriate, without further notice to the Class.

    9.     If the Settlement Agreement does not receive final Court approval, the Parties will be returned to their respective positions nunc pro tunc as those positions existed immediately prior to the execution of the Settlement Agreement.  This Order will become null and void, and shall not be considered in evidence or on the issue of class decertification, and Defendants shall retain all rights to seek class decertification in any subsequent proceeding.

SO ORDERED

                           _____

                           United States District Judge

Dated: _____, 2019

# Exhibit C

### Proposed Order providing Final Approval of Settlement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YVONNE DOWNIE,                                           :        ECF
                                                        :        1:16-cv-05868 (JPO)(DCF)
                              Plaintiff,                 :
                                                        :
              -against-                                  :
                                                        :
CARELINK, INC. and ENA BAILEY,                          :
And JOHN DOES #1-10,                                    :
                                                        :
                              Defendants.               :
-------------------------------------------------------------X

### [PROPOSED] ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF CLASS AND COLLECTIVE; (2) GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT DISMISSING THE ACTION WITH PREJUDICE

This matter came on for hearing upon the Court's Order of _____, 2019 following preliminary approval of the Settlement in this action ("Preliminary Approval Order"). Due and adequate notice having been given to the Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

a.      Except as otherwise specified herein, the Court adopts all defined terms set forth in the parties' Settlement Agreement, entered into as of August ___, 2019 (the "Agreement").

b.      The Court has jurisdiction over the subject matter of the above-captioned matter, the Named Plaintiff, Defendants CARELINK SERVICES, INC. and ENA BAILEY (collectively, "Defendants") and all Class Members, which consists of the persons listed on Exhibit A hereto.

c.  The Court finds that the distribution by first-class mail of the Notice of Settlement constituted the best notice practicable and fully met the requirements of due process under the United States Constitution, applicable state law, Federal Rule of Civil Procedure 23, the Fair Labor Standards Act, and the New York Labor Law.  Based on evidence and other material submitted in conjunction with the Fairness Hearing, the actual notice to Class was adequate.  These papers informed Class Members of the terms of the Settlement, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear at the Fairness Hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures.  ___ Class Members objected to the Settlement and the following Class Members have validly requested exclusion: _____.  The notices sent to the following Class Members were returned and after reasonable efforts, Class Counsel could not locate an updated address for them: _____. Thus, the above referenced opt-outs and persons who did not receive notice are removed from the Class and are not subject to the Settlement Agreement and the releases therein.

d.  The Court confirms that it has previously certified the Class and the Collective.  The Collective is comprised of all home health aides employed by Defendants at any time from January 1, 2015 to October 14, 2015 and whose payroll records reflected that they worked at least 40 hours in a workweek during that period.  The Class is comprised of all home health aides employed by Defendants at any time from January 1, 2015 to the date of this order and whose payroll records reflected that they worked at least 40 hours in a workweek during that period.

e.  The Court approves the Settlement, and each of the releases and other terms set forth in the Agreement, as fair, just, reasonable, and adequate as to the Class Members, the Named Plaintiff, and Defendants (collectively "Settling Parties") under all applicable law, including but not limited to, Federal Rule of Civil Procedure 23 the Fair Labor Standards Act, and the New York Labor Law  The Parties and the Class Counsel are directed to perform in accordance with the terms set forth in the Agreement.

f.  The Court finds that the plan of allocation set forth in the Agreement is fair and

reasonable and that distribution of the Net Settlement Fund Settlement to Class Members shall be done in accordance with the terms outlined in the Agreement.

g. The Court hereby confirms its prior appointment of YVONNE DOWNIE, as Class Representative for the Class and Collective for purposes of settlement.

h. The Court hereby confirms its prior appointment of William Coudert Rand, Law Office of William Coudert Rand as Class Counsel for the Class.

i. CARELINK has agreed to pay to Class Counsel his reasonable attorneys' fees and expenses in the total amount of $51,858.15, and a Named Plaintiff Settlement Amount to the Named Plaintiff in the amount of $7,500.00 for her individual claims separate from the class claims.  Accordingly, the Court hereby awards to Class Counsel $45,000.00 for attorneys' fees and $6,858.15 for costs and expenses.  The Named Plaintiff Settlement Amount to the Class Representative is approved.  Defendants are directed to make all of the foregoing payments to Class Counsel and the Named Plaintiff and the Class Members in accordance with the terms of the Agreement. Defendants shall not be required to make any additional payments in connection with the Settlement.

j. By operation of entry of this Order and Final Judgment, all Released Claims are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Agreement as to all Class Members, except those who have timely and validly opted-out or who are excluded from the Class pursuant to paragraph (c) above.  Each Class Member listed on Exhibit A is bound by this Judgment and Order, including, without limitation, the release of claims as set forth in the Settlement Agreement.

k. The Defendants entered into this Agreement solely for the purpose of compromising and settling disputed claims.  Defendants in no way admit any liability, and all liability is expressly denied.

l. This action is hereby dismissed on the merits with prejudice.  The action is closed.  The Court retains exclusive jurisdiction, to the extent necessary, to resolve any disputes under the Agreement or to effectuate the terms of the Agreement.

m.      This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.


IT IS SO ORDERED.

Dated: _____, 20____

                                                                 _____

                                                                 The Honorable
                                                                 United States District Judge


### Exhibit A to Order

**[INSERT LIST OF CLASS MEMBERS WHO DID NOT OPT OUT AND ARE NOT LISTED IN PARAGRAPH (C)]**

# Exhibit D

### Allocation of Net Settlement Amount

|  | Name | Total OT Hours | Unpaid Rate | Portion of Net Settlement Amount* |
|---|---|---|---|---|
|  |  | Hours | $1.87 | Amount |
| 1 | Abrams, Martha | 306.75 | 1.87 | $573.62 |
| 2 | Abraham, Judite | 16.00 | 1.87 | $29.92 |
| 3 | Agenor, Katia | 7.00 | 1.87 | $13.09 |
| 4 | Allen, Onike | 112.00 | 1.87 | $209.44 |
| 5 | Anderson, Cydil | 78.00 | 1.87 | $145.86 |
| 6 | Andre, Marie | 57.25 | 1.87 | $107.06 |
| 7 | Angell, Joy | 1.00 | 1.87 | $1.87 |
| 8 | Armstrong Keitt, Kelita | 37.00 | 1.87 | $69.19 |
| 9 | Auguste Guerrier, Nedege | 17.25 | 1.87 | $32.26 |
| 10 | Agustin, Roselene | 14.75 | 1.87 | $27.58 |
| 11 | Bacchus, Bibi | 115.50 | 1.87 | $215.99 |
| 12 | Bancroft, Tamika | 6.00 | 1.87 | $11.22 |
| 13 | Bankole-Jones, Jean | 67.00 | 1.87 | $125.29 |
| 14 | Barker, Olive | 74.00 | 1.87 | $138.38 |
| 15 | Bell, Pricella | 68.00 | 1.87 | $127.16 |
| 16 | Bennett, Antoinette | 29.00 | 1.87 | $54.23 |
| 17 | Bernadin, Marie | 37.00 | 1.87 | $69.19 |
| 18 | Bernard, Kathleen | 72.00 | 1.87 | $134.64 |
| 19 | Bottex, Nicole | 33.25 | 1.87 | $62.18 |
| 20 | Brown, Georgett | 12.00 | 1.87 | $22.44 |
| 21 | Brown, Iorna | 116.75 | 1.87 | $218.32 |
| 22 | Brown, Margaret | 127.00 | 1.87 | $237.49 |
| 23 | Brown, Trudy-Ann | 11.25 | 1.87 | $21.04 |
| 24 | Browne, Amanda | 12.00 | 1.87 | $22.44 |
| 25 | Bryan, Gwendolyn | 237.50 | 1.87 | $444.13 |
| 26 | Bullock, Hilda | 4.00 | 1.87 | $7.48 |
| 27 | Budhram, Omauti | 8.00 | 1.87 | $14.96 |
| 28 | Bully Carmel | 247.50 | 1.87 | $462.83 |
| 29 | By, Monique | 60.00 | 1.87 | $112.20 |
| 30 | Caesar, Andrea | 4.00 | 1.87 | $7.48 |
| 31 | Cameron, Karlene | 204.25 | 1.87 | $381.95 |
| 32 | Canterbury, Lakeitha | 60.00 | 1.87 | $112.20 |
| 33 | Carter, Annette | 5.00 | 1.87 | $9.35 |
| 34 | Carter, Janette | 20.25 | 1.87 | $37.87 |
| 35 | Carter, Vanessa | 40.00 | 1.87 | $74.80 |
| 36 | Casimir, Adeline | 27.75 | 1.87 | $51.89 |

| 37 | Casimir, Marie | 152.00 | 1.87 | $284.24 |
|----|----|----|----|----|
| 38 | Celestin, Roseline | 33.00 | 1.87 | $61.71 |
| 39 | Charles,Janelle | 178.00 | 1.87 | $332.86 |
| 40 | Charles, Marie  Lourdes | 119.00 | 1.87 | $222.53 |
| 41 | Chedda, Suretta | 217.00 | 1.87 | $405.79 |
| 42 | Chery, Marie | 250.25 | 1.87 | $467.97 |
| 43 | Clarke, Junior | 389.00 | 1.87 | $727.43 |
| 44 | Colquhoun-Rayson, Winsome | 78.00 | 1.87 | $145.86 |
| 45 | Coquillon, Anne | 10.00 | 1.87 | $18.70 |
| 46 | Cossogu, Derly | 8.00 | 1.87 | $14.96 |
| 47 | Crews, Pauline | 94.50 | 1.87 | $176.72 |
| 48 | Crump, Andrea | 101.00 | 1.87 | $188.87 |
| 49 | Davis, Marlene | 311.00 | 1.87 | $581.57 |
| 50 | Dawkins, Beryl | 376.00 | 1.87 | $703.12 |
| 51 | Desiste, Clemence | 6.00 | 1.87 | $11.22 |
| 52 | Denis, Magdalie | 53.50 | 1.87 | $100.05 |
| 53 | Dieujuste  Laguerre, Musette | 1.50 | 1.87 | $2.81 |
| 54 | Dinnald, Sashaya | 27.50 | 1.87 | $51.43 |
| 55 | Dixon, Marie | 13.00 | 1.87 | $24.31 |
| 56 | Dorleans, Nadine | 4.00 | 1.87 | $7.48 |
| 57 | Downie, Yvonne | 167.50 | 1.87 | $313.23 |
| 58 | Dubuisson, Elda | 16.00 | 1.87 | $29.92 |
| 59 | Duverneau, Marie | 18.00 | 1.87 | $33.66 |
| 60 | Edme-Misere, Natasha | 1.00 | 1.87 | $1.87 |
| 61 | Edwards-Askew, Maxine | 181.25 | 1.87 | $338.94 |
| 62 | Emanuel, Carmen | 105.00 | 1.87 | $196.35 |
| 63 | Escoto, Erlinda | 21.00 | 1.87 | $39.27 |
| 64 | Evans, Annemarie | 55.00 | 1.87 | $102.85 |
| 65 | Fasola, Rachael | 156.72 | 1.87 | $293.07 |
| 66 | Felix, Ketelie | 36.00 | 1.87 | $67.32 |
| 67 | Fermin, Maureen | 398.75 | 1.87 | $745.66 |
| 68 | Fils, Marie | 113.25 | 1.87 | $211.78 |
| 69 | Florez, Ninfa | 348.00 | 1.87 | $650.76 |
| 70 | Ford, Hortense | 211.50 | 1.87 | $395.51 |
| 71 | Fortune, Roxanne | 48.00 | 1.87 | $89.76 |
| 72 | Francoise, Guelce | 172.00 | 1.87 | $321.64 |
| 73 | Garcia-Banks, Patrice | 90.50 | 1.87 | $169.24 |
| 74 | Garcia, Emelyn | 26.00 | 1.87 | $48.62 |
| 75 | Garcia, Jerry | 284.00 | 1.87 | $531.08 |
| 76 | Gayle, Shirley | 73.50 | 1.87 | $137.45 |
| 77 | Gebor, Veroline | 3.00 | 1.87 | $5.61 |
| 78 | Gilmore, Donnie | 12.00 | 1.87 | $22.44 |
| 79 | Green, Camille | 657.75 | 1.87 | $1,229.99 |
| 80 | Griffith, Enid | 70.50 | 1.87 | $131.84 |

| 81 | Grigolia, Sopio | 224.00 | 1.87 | $418.88 |
| 82 | Guerrier, Paulette | 21.00 | 1.87 | $39.27 |
| 83 | Gulotta, Gohar | 167.00 | 1.87 | $312.29 |
| 84 | Guy, Annette | 318.00 | 1.87 | $594.66 |
| 85 | Hassan, Noha | 553.00 | 1.87 | $1,034.11 |
| 86 | Haywood, K eron | 20.00 | 1.87 | $37.40 |
| 87 | Henry, Eugenie | 149.50 | 1.87 | $279.57 |
| 88 | Henry, Opaline | 48.00 | 1.87 | $89.76 |
| 89 | Heron-Henry, Primrose | 10.00 | 1.87 | $18.70 |
| 90 | Herbert, Ann | 51.00 | 1.87 | $95.37 |
| 91 | Hibbert, Barbara | 8.00 | 1.87 | $14.96 |
| 92 | Hinton, Delores | 229.00 | 1.87 | $428.23 |
| 93 | Jackson, Alicia | 216.75 | 1.87 | $405.32 |
| 94 | Jadotte, Merlene | 274.00 | 1.87 | $512.38 |
| 95 | Jean Baprist, Geraldine | 109.00 | 1.87 | $203.83 |
| 96 | Jean Baptiste,Jordeline | 39.00 | 1.87 | $72.93 |
| 97 | Jean Baptist, Marie | 218.25 | 1.87 | $408.13 |
| 98 | Jean Baptist,Julise | 50.50 | 1.87 | $94.44 |
| 99 | Jean Baptist, Ritzarre | 40.00 | 1.87 | $74.80 |
| 100 | Jean, Izette | 2.00 | 1.87 | $3.74 |
| 101 | Jean Jacques, Celie | 68.00 | 1.87 | $127.16 |
| 102 | Jeanty, Barbara | 24.00 | 1.87 | $44.88 |
| 103 | Jervis, Brenda | 488.50 | 1.87 | $913.50 |
| 104 | Johnson, Emily | 12.00 | 1.87 | $22.44 |
| 105 | Joseph, Evelyn | 2.25 | 1.87 | $4.21 |
| 106 | Jovin, Marlene | 61.00 | 1.87 | $114.07 |
| 107 | Kellman, Basmat | 449.50 | 1.87 | $840.57 |
| 108 | Kellyman, Lillieth | 61.50 | 1.87 | $115.01 |
| 109 | King, Gloria | 40.00 | 1.87 | $74.80 |
| 110 | Kowlessar, Indarwati | 114.75 | 1.87 | $214.58 |
| 111 | Lascaze, Yolene | 51.00 | 1.87 | $95.37 |
| 112 | Lauralus, Rose | 11.00 | 1.87 | $20.57 |
| 113 | Layne, Lisa | 465.00 | 1.87 | $869.55 |
| 114 | Lee, Velma | 12.00 | 1.87 | $22.44 |
| 115 | Lerine, Marie | 10.00 | 1.87 | $18.70 |
| 116 | Littrea n, Barbara | 373.00 | 1.87 | $697.51 |
| 117 | Lucas, Marvin | 12.00 | 1.87 | $22.44 |
| 118 | Lyew, Herma | 113.50 | 1.87 | $212.25 |
| 119 | Malcolm, Joan | 399.00 | 1.87 | $746.13 |
| 120 | Matthews, Jenelle | 35.00 | 1.87 | $65.45 |
| 121 | McFarlane, Hortensa | 50.00 | 1.87 | $93.50 |
| 122 | Mcintosh, Veronica | 265.00 | 1.87 | $495.55 |
| 123 | McKenzie, Iris | 191.00 | 1.87 | $357.17 |
| 124 | Mclean, Roxanne | 7.00 | 1.87 | $13.09 |
| 125 | Mclean, Shanakay | 48.00 | 1.87 | $89.76 |

| 126 | Mcleggan, Angela | 2.00 | 1.87 | $3.74 |
|-----|------------------|------|------|-------|
| 127 | Medwinter, Leckertia | 168.00 | 1.87 | $314.16 |
| 128 | Millien, Francoise | 2.00 | 1.87 | $3.74 |
| 129 | Mitchell, Jean | 318.00 | 1.87 | $594.66 |
| 130 | Mohabir, Sunmatie | 8.00 | 1.87 | $14.96 |
| 131 | Moliere, Stephanie | 512.50 | 1.87 | $958.38 |
| 132 | Mondesir, Mitro | 370.00 | 1.87 | $691.90 |
| 133 | Morgan, Jackie | 84.00 | 1.87 | $157.08 |
| 134 | Morgan, Sonia | 16.75 | 1.87 | $31.32 |
| 135 | Morris, Junitth | 116.50 | 1.87 | $217.86 |
| 136 | Myrtil, Marie | 17.00 | 1.87 | $31.79 |
| 137 | Na,anmiap, Susan | 4.00 | 1.87 | $7.48 |
| 138 | Narcisse, Marie | 33.00 | 1.87 | $61.71 |
| 139 | Narine, Maureen | 136.25 | 1.87 | $254.79 |
| 140 | Nelson, Vivette | 2.00 | 1.87 | $3.74 |
| 141 | Norfleet, Lisa Ann | 12.00 | 1.87 | $22.44 |
| 142 | Oliver, Sandra | 357.50 | 1.87 | $668.53 |
| 143 | Oseni, Titilope | 247.55 | 1.87 | $462.92 |
| 144 | Palmer, Hirfa | 67.50 | 1.87 | $126.23 |
| 145 | Parinis, Marie | 12.00 | 1.87 | $22.44 |
| 146 | Paschall, Marilyn | 36.00 | 1.87 | $67.32 |
| 147 | Patterson  Williams, Pauline | 180.50 | 1.87 | $337.54 |
| 148 | Paul, Lunie | 4.00 | 1.87 | $7.48 |
| 149 | Payan, Guerda | 122.25 | 1.87 | $228.61 |
| 150 | Persaud, Beverley | 33.00 | 1.87 | $61.71 |
| 151 | Philips, Bonesta | 455.00 | 1.87 | $850.85 |
| 152 | Pierre-Louis, Nadege | 36.00 | 1.87 | $67.32 |
| 153 | Pierre Louis, Rolande | 107.00 | 1.87 | $200.09 |
| 154 | Pierre, Charlie | 296.00 | 1.87 | $553.52 |
| 155 | Pierre, Exlandre | 357.00 | 1.87 | $667.59 |
| 156 | Ramparshad, Seematty | 315.25 | 1.87 | $589.52 |
| 157 | Rawlins, Lucille | 164.00 | 1.87 | $306.68 |
| 158 | Registre, Guylaine | 24.00 | 1.87 | $44.88 |
| 159 | Reid, Wanda | 140.50 | 1.87 | $262.74 |
| 160 | Richards, Blossom | 24.00 | 1.87 | $44.88 |
| 161 | Rowe, Brendalyn | 8.00 | 1.87 | $14.96 |
| 162 | Saint Fleur, Alta | 102.50 | 1.87 | $191.68 |
| 163 | Saint Hilaire, Marie | 11.00 | 1.87 | $20.57 |
| 164 | Saintelien, Marie | 78.00 | 1.87 | $145.86 |
| 165 | Sama roo, Anjani | 318.00 | 1.87 | $594.66 |
| 166 | Schultz, Arlene | 4.00 | 1.87 | $7.48 |
| 167 | Shalto, Joanne | 32.00 | 1.87 | $59.84 |
| 168 | Siddiqui, Gul | 401.00 | 1.87 | $749.87 |
| 169 | Simpkins, Kimberly | 2.00 | 1.87 | $3.74 |

| 170 | Simplice, Fequiere | 24.00 | 1.87 | $44.88 |
| 171 | Sinclair-Durand, Debbie | 218.50 | 1.87 | $408.60 |
| 172 | Skinner, Sanisha | 401.25 | 1.87 | $750.34 |
| 173 | Smith, Demmi | 33.75 | 1.87 | $63.11 |
| 174 | Smith, Tiffany | 46.25 | 1.87 | $86.49 |
| 175 | Sobers, Paulette | 38.00 | 1.87 | $71.06 |
| 176 | Stephenson, Joyce | 23.00 | 1.87 | $43.01 |
| 177 | Sylvestre, Hachebine | 28.50 | 1.87 | $53.30 |
| 178 | Sylvestre, Hacheley | 2.00 | 1.87 | $3.74 |
| 179 | Tatum, Perla | 78.00 | 1.87 | $145.86 |
| 180 | Theophile, Marie | 28.00 | 1.87 | $52.36 |
| 181 | Thomas, Juliette | 27.00 | 1.87 | $50.49 |
| 182 | Tijani, Dele | 2.00 | 1.87 | $3.74 |
| 183 | Tilliman, Marlene | 288.00 | 1.87 | $538.56 |
| 184 | Turner, Valerie | 582.00 | 1.87 | $1,088.34 |
| 185 | Tyme, Valrie | 396.50 | 1.87 | $741.46 |
| 186 | Vassell, Sashanna | 2.50 | 1.87 | $4.68 |
| 187 | Vernet, Paulee | 24.00 | 1.87 | $44.88 |
| 188 | Vilsaint, Margarette | 12.00 | 1.87 | $22.44 |
| 189 | Vincent, Winsome | 7.75 | 1.87 | $14.49 |
| 190 | Volcy, Ketly | 88.00 | 1.87 | $164.56 |
| 191 | Voyard, Michelle | 58.00 | 1.87 | $108.46 |
| 192 | Warren, Paul | 145.75 | 1.87 | $272.55 |
| 193 | Washington, Merline | 398.50 | 1.87 | $745.20 |
| 194 | Welch, Joyann | 204.16 | 1.87 | $381.78 |
| 195 | Wellington, Tommeicka | 372.00 | 1.87 | $695.64 |
| 196 | White, Angella | 512.00 | 1.87 | $957.44 |
| 197 | Williams, Anika | 91.00 | 1.87 | $170.17 |
| 198 | Williams, Carlene | 136.00 | 1.87 | $254.32 |
| 199 | Williams, Shonnette | 50.00 | 1.87 | $93.50 |
| 200 | Williams, Brittinie | 67.75 | 1.87 | $126.69 |
| 201 | Williams, Tamile | 358.50 | 1.87 | $670.40 |
| 202 | Wilson, Twana | 487.00 | 1.87 | $910.69 |
| | **Total** | 25,115.68 | | $46,966.32 |

**\*  The Settlement Amounts include the gross payment to each Class Member, <u>plus</u> the employer-side taxes.  The employer-side taxes are generally expected to be between approximately 10% and 20%.**